[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10120
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 27, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00150-WS-N-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STACY PARKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(July 27, 2010)

Before TJOFLAT, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Pursuant to a plea agreement, Stacy Parker pled guilty to two counts of an

eight-count indictment: Count 5, bank fraud in violation of 18 U.S.C. § 1344, and

Count 8, possession of counterfeit securities in violation of 18 U.S.C. § 513(a). The presentence investigation report ("PSI"), as to which neither party objected and the district court adopted, fixed Parker's offense level at 11 and her criminal history category at III. This yielded a Guidelines sentencing range of 12 to 18 months' imprisonment. The district court found that category III seriously under represented Parker's criminal history—which is extensive and spans a period of 19 years—and found that sentences substantially in excess of the prescribed sentencing range were required to protect the public from Parker's propensity to commit crime. *See* 18 U.S.C. § 3553(a)(2)(C) (the district court "shall consider . . . the need for the sentence imposed . . . (C) to protect the public from further crimes of the defendant.")[1] The court therefore sentenced Parker to concurrent prison sentences of 60 months each, with the proviso that they be served consecutively to a federal prison sentence Parker was serving for tax fraud. Parker now appeals her sentences, contending that they are unreasonable. We affirm.

We review a sentence the district court imposes under the abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597,

---

[1] The district court found, in addition, that sentences in excess of the sentencing range were necessary to provide just punishment for the offenses and deterrence to criminal conduct. *See* 18 U.S.C. § 3553(a)(2)(A) & (B).

169 L.Ed.2d 445 (2007).  As noted above, Parker did not object to the PSI.  Nor did she object—on any ground—to the court's imposition of the sentences at issue.  Had Parker objected, the district court would have had an opportunity to address her objection(s) and correct any error it may have made.  We could hardly hold that the district court abused its discretion in imposing sentences without objection, and we do not so hold in this appeal.

AFFIRMED.